[No. 15255. Department One. August 6, 1919.]

D. D. KELLY et al., as Executors etc., Respondents, v. FRANK F. HINKHOUSE, Appellant.[1]

PLEADING (132-1)—COPIES—"ITEMS OF ACCOUNT." Damages for breach of a land contract, claimed upon a cross-complaint, are not "items of account," within Rem. Code, § 284, providing that, where a pleading fails to set forth a copy of the instrument of writing or the items of an account relied upon, the party shall, upon demand, file a verified copy thereof or be precluded from giving evidence thereof.

Appeal from a judgment of the superior court for Grant county, Hill, J., entered February 21, 1918, upon findings in favor of the plaintiffs, in an action on contract, tried to the court. Reversed.

W. E. Southard and N. W. Washington, for appellant.

MAIN, J. — This action was brought to recover a money judgment for the balance claimed to be due on a written contract. The defendant, in his answer, after denying certain paragraphs of the complaint, pleads affirmatively by cross-complaint for damages claimed to have been sustained because the plaintiffs did not perform the contract sued upon in certain particulars in the manner required. The plaintiffs, by reply, denied the material matters pleaded in the cross-complaint. Upon the issues thus framed, the cause went to trial before the court without a jury, and resulted

[1]Reported in 183 Pac. 86.

in a judgment in favor of the plaintiffs and a denial of the right of the defendant to recover on the cross-complaint. From this judgment, the defendant and cross-complainant appeals.

The facts out of which the litigation grew are these: The respondents had purchased from the state, on a contract, a one-half section of land in Douglas county. Upon this contract, certain payments had been made. On the 17th day of February, 1909, the respondents, by written contract, transferred and sold to the appellant all their rights under the contract with the state. The appellant, by the terms of the contract, was to have immediate possession. By the contract of sale to the appellant, the terms of payment were fixed. It was also provided that the respondents would plow 160 acres of the land on or before June 1st, 1909, for which they were to receive $1.50 per acre. By another term of the contract, the respondents agreed to remove the brush from the land not later than May 10th, 1909. After the respondents had removed the brush and plowed the land, the appellant refused to make the payment provided for in the contract when such work should be done, claiming that the brush had not been properly removed and that the plowing was not done properly or within the time specified in the contract. As above indicated, the respondents brought the action to recover the balance due, claiming full performance. The appellant, in his cross-complaint, pleaded that the respondents had failed and refused to take the brush off the land as required by the contract, and that they failed to plow the 160 acres within the time agreed upon. For these breaches of the contract, damage was claimed on account of the failure to remove the brush, in the sum of $450, and for failure to plow within the time agreed upon and in the manner provided by the contract, in the sum of $500.

Some time before the cause was tried, the respondents served upon the appellant or his attorney a demand for a bill of particulars for the items of damage claimed in the cross-complaint. This demand was not complied with. When the appellant offered evidence in support of the damages alleged in his cross-complaint, it was objected to because the demand for a bill of particulars had not been complied with. The evidence was admitted by the court, reserving a ruling. In deciding the case, the trial court was of the opinion that the evidence was improperly admitted because no bill of particulars had been furnished. Whether this ruling was correct depends upon the construction to be placed on § 284 of Rem. Code, which provides:

"It shall not be necessary for a party to set forth in a pleading a copy of the instrument of writing, or the items of an account therein alleged; but unless he file a verified copy thereof with such pleadings, and serve the same on the adverse party, he shall, within ten days after a demand thereof in writing, deliver to the adverse party a copy of such instrument of writing, or the items of an account, verified by his own oath, or that of his agent or attorney, to the effect that he believes it to be true, or be precluded from giving evidence thereof. . . ."

It will be noticed that, under this statute, it is not necessary for a party to set forth in his pleading a copy of the instrument in writing "or the items of account therein alleged." It is further provided that, if a demand in writing be delivered to the adverse party for a copy of the writing or items of account, as the case may be, and the same be not complied with within ten days after the demand, then the party failing to comply with such demand shall be precluded from giving evidence thereof.

The controlling question here is whether the respondents were entitled, under this statute, to an item-

ized statement of damages claimed by the appellant in his cross-complaint. The statute refers to "items of an account." The appellant, by his cross-complaint, does not seek to recover items of account. His action is for damages for breach of a contract. As we read the statute, damages for which recovery is sought by the cross-complaint are not included within its terms. Damages claimed for failure to remove brush and plow land, as required by the contract, are not items of account. It must be remembered that this is not a case where a motion was made asking that the court require the adverse party to furnish a bill of particulars.

The court was in error in refusing to consider the evidence offered in support of the cross-complaint. The respondents have made no appearance in this court, evidently realizing, upon further consideration, that the trial court was in error in holding that the damages pleaded in this case were such as came within the term "items of account" in the statute.

The judgment will be reversed, and the cause remanded with directions to the superior court to grant a new trial.

HOLCOMB, C. J., TOLMAN, MACKINTOSH, and MITCHELL, JJ., concur.